IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:05cv312
[Criminal Case No. 1:01cr52-14]

[Appeal No. 10-6635]

| | | |
|---|---|---|
| **ROBERT L. SISK,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Order to Pay Filing Fees. [Doc. 23].

On October 13, 2005, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. [Doc. 1]. On October 23, 2009, the Court granted Respondent's Motion for Summary Judgment, thereby dismissing Petitioner's § 2255 Motion. [Doc. 14]. On April 26, 2010, Petitioner untimely filed a Notice of Appeal and he filed a Motion to Reopen the Time for Filing his Notice of Appeal. [Docs. 15 and 16, respectively]. On June 14, 2010, Petitioner filed an Application to Appeal In Forma Pauperis. [Doc. 21]. On July 1, 2010, the Court entered an

Order which, inter alia, granted Petitioner's Motion to Reopen the Time for Filing his Notice of Appeal, granted in part and denied in part his IFP Application, reduced his $450.00 filing fee to $150.00, and directed Petitioner to remit the partial filing fee within sixty days of the entry of that Order. [Doc. 22].

By his Motion to Vacate Order to Pay Filing Fees, Petitioner asserts that his appeal of the dismissal of his § 2255 Motion is not a civil action, and therefore, he is not required by the Prison Litigation Reform Act, 28 U.S.C. § 1915 (PLRA), to pay a filing fee for that matter. Thus, Petitioner asks the Court to vacate its Order directing that a fee be paid. [Doc. 23].

While the Petitioner is correct that his appeal of this § 2255 action is not governed by the fee provisions of the PLRA, see Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997), the Petitioner is nevertheless required to pay a filing fee for his appeal of this matter. Local Rule 3(a) of the Fourth Circuit Court of Appeals provides that "[u]pon filing a notice of appeal, appellant shall pay the clerk of the district court a fee of $455, which includes a $5 filing fee for the notice of appeal and a $450 fee for docketing the appeal in this Court." Because this Rule does not make

reference to any limitations, it is applicable to all notices of appeal without regard to the nature of the appeal.

Furthermore, the Court is aware that the filing of a § 2255 motion is recognized as a continuation of the underlying criminal proceedings, and that when pauper status was approved or the petitioner was represented by appointed counsel during the criminal proceedings, his pauper status is presumed to continue on appeal of the § 2255 motion. Petitioner, however, is not entitled to the benefit of that presumption. Rather, in the present case, Petitioner initially was appointed counsel during the criminal proceedings but subsequently retained counsel to represent him, and appointed counsel was permitted to withdraw. [Criminal Case No. 1:01cr52-14, Doc. 259]. As such, Petitioner is now required to pay the filing fee or seek to proceed *in forma pauperis*.

Petitioner has sought pauper status, and for the reasons previously stated, the Court has determined that Petitioner should pay a partial filing fee. [See Civil Case No. 1:05cv312, Doc. 22]. Inasmuch as Petitioner has not attempted to demonstrate that he is unable to pay the $150.00 partial filing fee which the Court imposed, his Motion to Vacate Order to Pay Filing Fee must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate Order to Pay Filing Fees [Doc. 23] is **DENIED**;

2. Within thirty (30) days of the entry of this Order, Petitioner shall remit to this Court a partial filing fee in the sum of $150.00;

3. **Failure to pay the subject fee as herein directed could subject Petitioner's appeal to summary dismissal**; and

4. The Clerk shall send copies of this Order to the parties and to the Clerk of the Fourth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed: January 12, 2011

Martin Reidinger
United States District Judge