IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:05cv312
[Criminal Case No. 1:01cr52-14]

[Appeal No. 10-6635]

| | | |
|---|---|---|
| **ROBERT L. SISK,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 26].

## I. PROCEDURAL BACKGROUND

On November 16, 2001, a jury convicted Petitioner of conspiring to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of methamphetamine. [1:01cr52-14, Doc. 194]. On July 1, 2002, the Court conducted Petitioner's sentencing hearing, during which it determined that he was a career offender by virtue of his two prior assault convictions. [Tr. of Sentencing Hearing of July 1, 2002 at 26]. At the

conclusion of that proceeding, the Court sentenced Petitioner to 276 months' imprisonment. [1:01cr52-14, Doc. 307].

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals, raising a number of claims, including challenges that the evidence was insufficient to support the jury's determination that the conspiracy involved at least five kilograms of cocaine; that there was insufficient evidence to support a finding that he was involved in a single conspiracy; and that the Court improperly calculated the drug quantity which was attributable to him. United States v. Sisk, 87 F. App'x 323, 327-28 (4th Cir. 2004). The Fourth Circuit rejected all of Petitioner's claims, and the Supreme Court denied his petition for certiorari. Id. at 332; United States v. Sisk, 543 U.S. 882, 125 S.Ct. 155, 160 L.Ed.2d 138 (2004).

On February 13, 2005, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence raising numerous claims with respect to his trial and appellate attorneys. [Doc. 1]. Specifically, Petitioner alleged that trial and appellate counsel were ineffective for failing to ensure the Government's compliance with the Jencks Act or to raise that non-compliance on appeal; that his attorneys failed to object to and/or challenge certain comments made by the prosecutor; that trial counsel

2

failed to subject the Government's case to the required adversarial testing; that appellate counsel raised a frivolous challenge to the sufficiency of the evidence; and that his attorneys mishandled the challenges to his career offender designation. On October 23, 2009, the Court entered an Order rejecting Petitioner's claims and granting Respondent's Motion for Summary Judgment. [Doc. 14].

Petitioner has given his notice of appeal from that decision. [Doc. 15]. Nevertheless, Petitioner also has filed the instant Motion for Reconsidera-tion under Rule 60(b). [Doc. 26]. Such Motion asks the Court to "reconsider the application of the Career Criminal [sic] provision based on different grounds surrounding the same two prior North Carolina State Misdemeanor offenses . . . ." [Doc. 26 at 6]. Specifically, Petitioner asserts that based upon the new ruling announced in the case of <u>Johnson v. United States</u>, __ U.S. __, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010),[1] and certain "new facts," he can establish that his prior misdemeanor offenses were used erroneously to sentence him as a career offender. [<u>Id.</u>].

---

[1] The caption of Petitioner's Motion cites to the case of <u>Begay v. United States</u>, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008); however, the text of his Motion does not include any arguments regarding that case. Therefore, the Court does not construe the Motion as having been premised on the <u>Begay</u> case. Even if the Motion is based, in part, on the holding from <u>Begay</u>, that fact would not alter the Court's ultimate conclusion that the Motion must be dismissed.

3

## II. ANALYSIS

Notwithstanding the fact that Petitioner has styled this document as a Motion for Reconsideration under Rule 60(b), given the nature of his request for relief, the Court must determine whether Petitioner actually is undertaking to file a second motion for collateral review pursuant to § 2255 or a genuine Rule 60(b) motion for reconsideration.

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (hereafter, the "AEDPA"), provides stringent limitations on successive habeas applications. As the Fourth Circuit Court of Appeals has explained, claims in successive applications must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (quoting 28 U.S.C. § 2255 ¶8). The Court in Winestock further noted that the AEDPA also modified the procedures governing collateral review applications such that "a prisoner seeking to file a successive application in the district court

must first obtain authorization from the appropriate court of appeals" and that absent such pre-filing authorization, "the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. at 205.

In light of these restrictions, courts "must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." Id. at 203 (quoting Calderon v. Thompson, 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)). Specifically, "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." Id. at 206 (citation and internal quotation marks omitted).

The proper treatment of the motion depends on the nature of the claims presented. In this regard, Winestock counsels that while there may be no fool-proof test for distinguishing between a proper Rule 60(b) motion and a successive application:

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the

> collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id. at 207.

In the instant Motion, Petitioner candidly admits that he is asking the Court "to reconsider the application of the Career [Offender] provision based on different grounds. . . ." [Doc. 26 at 5-6]. Clearly, Petitioner is seeking to attack his sentence directly; he is not seeking a remedy for some defect in the collateral review process as would be cognizable under Rule 60(b). Furthermore, Petitioner failed to raise this issue in his first Motion to Vacate, which challenged only his attorneys' handling of the attack on his career offender status. [See Doc. 1 at 15]. As Petitioner is seeking to raise a "brand-new, free-standing allegation," his motion is barred as an unauthorized second or successive application. See Winestock, 340 F.3d at 207; Santiago v. United States, 64 F. App'x 281, 286 (2d Cir. 2003) ("[A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals.").

6

Even if Petitioner could establish, as he now argues, that he did directly raise a claim challenging the Court's alleged misapplication of the career offender provision in his Motion to Vacate [Doc. 26 at 6], that fact would not put his proposed claim in any better standing with this Court. On the contrary, to the extent that Petitioner is attempting to litigate an updated version of a claim which he already raised, such repetitive claim still is barred under the AEDPA. See Winestock, 340 F.3d at 207 ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.").

Although styled as a Motion for Reconsideration under Rule 60(b), Petitioner's motion is actually a successive habeas petition. As such, this claim must be approved by the Fourth Circuit before Petitioner can raise it here. Accordingly, Petitioner's motion must be dismissed for lack of jurisdiction.

**O R D E R**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration under Rule 60(b) [Doc. 26] is **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (in order to satisfy § 2253(c), a petitioner must demonstrate that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 17, 2011

Martin Reidinger
United States District Judge